**EVERETT W. JACK, JR., OSB #892684**
everettjack@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 SW Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
Telephone: (503) 241-2300

**NANCY A. BROWNSTEIN, OSB #196033**
nancybrownstein@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Telephone: (206) 757-8150

Attorneys for Plaintiff
The Burlington Insurance Company

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **THE BURLINGTON INSURANCE COMPANY**, a North Carolina corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>**HYDRO HORSE 1, INC**., an Oregon corporation,<br><br>　　　　　　　Defendant. | Case No. 1-21-cv-00510<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

The Burlington Insurance Company ("TBIC") for its complaint against Defendant Hydro Horse 1, Inc. ("HH1") alleges as follows:

Page 1 – COMPLAINT FOR DECLARATORY JUDGMENT

4815-7119-5108v.1 0050033-004340

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## I. NATURE OF ACTION

TBIC seeks a declaration that the insurance policy it issued to HH1 does not provide either defense or indemnity coverage with respect to a personal injury lawsuit filed by Saije Pollard and Charles E. Pollard, Jr. (the "Pollards") against HH1.

## II. PARTIES

1. Plaintiff TBIC is a North Carolina corporation with its principal place of business in Hartford, Connecticut. TBIC is authorized to issue and does issue insurance policies in the State of Oregon as a surplus lines insurer.

2. Defendant HH1 is an Oregon corporation which, on information and belief was incorporated in 2014, with executive officers and shareholders located in Oregon, and its principal place of business in Oregon. HH1 reports on its website that it designs and fabricates underwater treadmill systems for horses (also known as aquatreds, or aquacisers), as well as post-surgery recovery pools [*see* http://www.horsetreadmills.com/index.html], and has customers for its products internationally and throughout the United States, including in California, Massachusetts, Pennsylvania Arizona, Texas, Oklahoma, Nevada, New Mexico, Oregon, Washington, Kentucky, Michigan, Kansas, Florida, North Carolina, New Jersey, and Delaware. *See* http://www.horsetreadmills.com/horsetreadmillcustomers.html. As a result of its business activities internationally and throughout the United States, HH1 presents potential risks of loss under the TBIC Policy in multiple jurisdictions.

## III. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship between TBIC and HH1, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4. This Court has the authority to determine the parties' respective rights and other legal obligations pursuant to the Federal Declaratory Judgment Act 28 U.S.C. §§ 2201 and 2202, *et seq.,* because it presents an actual case or controversy between the parties as described below.

Page 2 – COMPLAINT FOR DECLARATORY JUDGMENT

4815-7119-5108v.1 0050033-004340

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 and LR 3(e)(1) because: (1) HH1 is an Oregon domestic corporation; (2) HH1 has its principal place of business in Oregon; (3) the insurance policy at issue was issued to HH1 in Oregon; (4) the terms and conditions of the policy at issue were negotiated with HH1's principals while in Oregon; (5) HH1 issued payment of its premiums for the policy at issue in Oregon; and (6) a number of events giving rise to the issues presented herein occurred in Oregon.

### IV.   FACTS

6.     The insurance coverage issues in this declaratory judgment action arise out of a lawsuit filed against HH1 on November 10, 2020 captioned *Saije M. Pollard and Charles E. Pollard, Jr. v. Hydro Horse 1, Inc.*, Case No. 0:20-cv-00207 in the United States District Court for the District of Wyoming (the "Underlying Action").

7.     The Complaint in the Underlying Action alleges the following:

- HH1 "is a sophisticated seller and installer of gas-fired appliances, having installed gas-fired boilers connected to underwater horse treadmills across the country prior to 2016";
- The Pollards contracted with HH1 to purchase a completely installed in-ground aquatic horse treadmill system;
- HH1 improperly installed the boiler for the in-ground aquatic horse treadmill system by failing to "connect any vent pipe to transport toxic exhaust outside the building, leaving the improperly installed boiler to vent [carbon monoxide ("CO")] and other exhaust fumes directly into the barn";
- "CO is a colorless, odorless, toxic and potentially deadly gas";
- "Without any vent pipe to direct gas out of the building, the boiler spewed CO gas directly into the barn, filling the space with toxic gas";

Page 3 – COMPLAINT FOR DECLARATORY JUDGMENT

4815-7119-5108v.1 0050033-004340

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

- "On March 10, 2017, an improperly installed and unvented gas-fired boiler spewed toxic carbon monoxide ("CO") gas through the Pollard family horse barn, poisoning 18-year-old Saije Pollard while she worked with her horses";
- "Her dad, Charles Pollard, found her on the ground in the barn and rescued her from the toxic environment";
- As a result of her exposure to CO, Saije suffered serious injuries.

8. The Complaint asserts causes of action for Negligence, Recklessness and Willful and Wanton Misconduct and Negligent Infliction of Emotional Distress, and seeks damages for the Pollards' alleged injuries.

## V. THE INSURANCE POLICY

9. TBIC issued to HH1 a Commercial General Liability Policy, No. 257BW36138, policy period June 29, 2016 to June 29, 2017 to HH1 ("TBIC Policy").

10. The TBIC Policy lists HH1 as the Named Insured located in Merrill, Oregon, and includes several endorsements specific to insurance policies issued for insureds in Oregon.

11. Among the terms and conditions of the TBIC Policy is a Total Pollution Exclusion Endorsement ("Total Pollution Exclusion") that provides in relevant part:

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

Exclusion **f.** under Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

This insurance does not apply to:

**f. Pollution**

(1) "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

Page 4 – COMPLAINT FOR DECLARATORY JUDGMENT

4815-7119-5108v.1 0050033-004340

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

    **(2)** Any loss, cost or expense arising out of any:

        **(a)** Request, demand, order or statutory or regulatory requirement that an insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or . . .

12.    The TBIC Policy also contains the following relevant definitions, in pertinent part:

    **3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these at any time.

    \*    \*    \*

    **15.** "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemical and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

    \*    \*    \*

    **17.** "Property damage" means:

        **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that cause it; or

        **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

    \*    \*    \*

13.    On or about December 16, 2020, HH1 tendered the Complaint filed in the Underlying Action to TBIC for defense and indemnity.

14.    By letters dated January 6 and January 13, 2021, TBIC informed HH1 that the TBIC Policy had no obligation to defend or indemnify HH1 for the claims alleged in the Complaint in the Underlying Action, citing the Total Pollution Exclusion in the TBIC Policy.

Page 5 – COMPLAINT FOR DECLARATORY JUDGMENT

4815-7119-5108v.1 0050033-004340

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Notwithstanding the lack of coverage under the TBIC Policy, on March 31, 2021 TBIC agreed to provide a defense to HH1 for the Underlying Action, under a full and complete reservation of rights and including the right to withdraw in the event of a judicial declaration of no coverage.

## VI. CLAIMS

### FIRST CLAIM FOR RELIEF
**(Declaratory Judgment – No Duty to Defend)**

15. TBIC realleges the allegations of paragraphs 1 through 14 as if fully set forth herein.

16. There is an actual controversy between TBIC and HH1 with respect to whether TBIC has a duty to defend HH1, under the TBIC Policy, against the claims alleged in the Complaint in the Underlying Action.

17. TBIC requests a declaratory judgment that under the Total Pollution Exclusion of the TBIC Policy, TBIC does not have any past, present or future obligation to defend HH1 in the Underlying Action.

### SECOND CLAIM FOR RELIEF
**(Declaratory Judgment – No Duty to Indemnify)**

18. TBIC realleges the allegations of paragraphs 1 through 17 as if fully set forth herein.

19. There is an actual controversy between TBIC and HH1 with respect to whether TBIC has a duty to indemnify HH1, under the TBIC Policy, for any judgment or settlement in the Underlying Action.

20. TBIC requests a declaratory judgment that under the Total Pollution Exclusion of the TBIC Policy, TBIC does not have any past, present or future obligation to indemnify HH1 for any judgment or settlement in the Underlying Action.

## VI.   REQUEST FOR RELIEF

TBIC respectfully requests the following relief:

Page 6 – COMPLAINT FOR DECLARATORY JUDGMENT

4815-7119-5108v.1 0050033-004340

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

1. On its First Claim for Relief, for a declaration that TBIC Policy has no past, present or future duty to defend HH1 in the Underlying Action;

2. On its Second Claim for Relief, for a declaration that TBIC Policy has no past, present or future duty to indemnify HH1 for any settlement or judgment in the Underlying Action;

3. For TBIC's costs and disbursements that are recoverable by law; and

4. Such other and further relief that the Court finds just and appropriate.

DATED this 6th of April, 2021.

**DAVIS WRIGHT TREMAINE LLP**

By  *s/ Everett W. Jack, Jr.*
Everett W. Jack, Jr., OSB #8926844
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201
Telephone: 503-778-5451
E-mail: everettjack@dwt.com

By  *s/ Nancy A. Brownstein*
Nancy A. Brownstein, OSB#196033
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206-757-8150
E-mail: nancybrownstein@dwt.com

*Attorneys for Plaintiff The Burlington Insurance Company*

Page 7 – COMPLAINT FOR DECLARATORY JUDGMENT

4815-7119-5108v.1 0050033-004340

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax